IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Norma Rodriguez,<br><br>Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC<br>a Georgia corporation,<br>HSBC Bank, N.A.,<br>a national banking association; and<br>Portfolio Recovery Associates, L.L.C.,<br>a Delaware company.<br><br>Defendants. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COME THE PLAINTIFF, NORMA RODRIGUEZ, BY AND THROUGH COUNSEL, , and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq. [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Colorado Springs, El Paso County, Colorado.

4. Venue is proper in the U.S. District Court for the District of Colorado.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Denver County, Colorado;

   b. HSBC Bank, N.A. ("HSBC"), which is a national banking association that maintains registered offices in Cumberland County, North Carolina; and

   c. Portfolio Recovery Associates, L.L.C. ("Portfolio Recovery Associates"), which is a Delaware company that maintains a registered agent in Denver County, Colorado.

## GENERAL ALLEGATIONS

6. The following furnishers are inaccurately reporting a status which states, "Consumer Disputes After Resolution" on the following trade lines ("Errant Trade Lines") on Plaintiff's Equifax credit file:

2

    a. HSBC, account number: 51559900XXXX; and

    b. Portfolio Recovery Associates, account number: 5599005836XXXX.

7. Plaintiff no longer disputes the above Errant Trade Lines.

8. Sometime in September 2015, Ms. Rodriguez obtained her credit files and began disputing the Errant Trade Lines, as well as other trade lines.

9. On or about May 1, 2016, Ms. Rodriguez obtained her credit files and noticed that HSBC and Portfolio Recovery were reporting that she disputed the Errant Trade Lines.

10. On or about May 10, 2016, Ms. Rodriguez submitted a letter to Equifax stating that she no longer disputed the Errant Trade Lines. She asked HSBC and Portfolio Recovery Associates to remove all the "disputed" language from her credit report.

11. Upon information and belief, Equifax forwarded Ms. Rodriguez's consumer disputes to HSBC and Portfolio Recovery Associates.

12. On or about June 10, 2016, Ms. Rodriguez received Equifax's investigation results which showed that both Portfolio Recovery Associates and HSBC retained the inaccurate status of "Consumer Disputes After Resolution" on the Errant Trade Lines.

3

13. As a direct and proximate cause of the Defendants' failure to remove the "disputed" designation, Plaintiff has been prevented from obtaining a mortgage loan and has been forced to pay more in interest. Moreover, Plaintiff has suffered emotional and pecuniary damages in greater interest, costs and attorneys' fees.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HSBC

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Equifax of Ms. Rodriguez's consumer dispute of the incorrect disputed status of the Errant Trade Line, HSBC negligently failed to conduct a proper investigation of Ms. Rodriguez's dispute as required by 15 U.S.C. § 1681s-2(b).

16. HSBC negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct Equifax to remove the disputed status of the Errant Trade Line.

17. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Rodriguez's consumer credit file with Equifax to which it is reporting such trade line.

4

18. As a direct and proximate cause of HSBC's negligent failure to perform its duties under the FCRA, Ms. Rodriguez has suffered damages, mental anguish, suffering, humiliation and embarrassment.

19. HSBC is liable to Ms. Rodriguez by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. §1681o.

20. Ms. Rodriguez has a private right of action to assert claims against HSBC arising under 15 U.S.C. §1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant HSBC for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HSBC

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Equifax that Ms. Rodriguez disputed the accuracy of the information it was providing, HSBC willfully failed to conduct a proper reinvestigation of Ms. Rodriguez's dispute.

23. HSBC willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. §1681s-2(b).

24. As a direct and proximate cause of HSBC's willful failure to perform its duties under the FCRA, Ms. Rodriguez has suffered damages, mental anguish, suffering, humiliation and embarrassment.

25. HSBC is liable to Ms. Rodriguez for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant HSBC for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PORTFOLIO RECOVERY ASSOCIATES

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax of Ms. Rodriguez's consumer dispute of the incorrect disputed status of the Errant Trade Line, Portfolio Recovery

Associates negligently failed to conduct a proper investigation of Ms. Rodriguez's dispute as required by 15 U.S.C. §1681s-2(b).

28. Portfolio Recovery Associates negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. §1681s-2(b). Specifically, it failed to direct Equifax to remove the disputed status of the Errant Trade Line.

29. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Rodriguez's consumer credit file with Equifax to which it is reporting such trade line.

30. As a direct and proximate cause of Portfolio Recovery Associates' negligent failure to perform its duties under the FCRA, Ms. Rodriguez has suffered damages, mental anguish, suffering, humiliation and embarrassment.

31. Portfolio Recovery Associates is liable to Ms. Rodriguez by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. §1681o.

32. Ms. Rodriguez has a private right of action to assert claims against Portfolio Recovery Associates arising under 15 U.S.C. §1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Portfolio Recovery Associates for damages, costs, interest and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PORTFOLIO RECOVERY ASSOCIATES

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. After being informed by Equifax that Ms. Rodriguez disputed the accuracy of the information it was providing, Portfolio Recovery Associates willfully failed to conduct a proper reinvestigation of Ms. Rodriguez's dispute.

35. Portfolio Recovery Associates willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. §1681s-2(b).

36. As a direct and proximate cause of Portfolio Recovery Associates' willful failure to perform its duties under the FCRA, Ms. Rodriguez has suffered damages, mental anguish, suffering, humiliation and embarrassment.

37. Portfolio Recovery Associates is liable to Ms. Rodriguez for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of

fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 U.S.C. §1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Portfolio Recovery Associates for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Rodriguez as that term is defined in 15 U.S.C. §1681a.

40. Such reports contained information about Ms. Rodriguez that was false, misleading and inaccurate.

41. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Rodriguez, in violation of 15 U.S.C. §1681e(b).

42. After receiving Ms. Rodriguez's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

43. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Rodriguez has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

44. Equifax is liable to Ms. Rodriguez by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. §1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Rodriguez as that term is defined in 15 U.S.C. §1681a.

47. Such reports contained information about Ms. Rodriguez that was false, misleading and inaccurate.

10

48. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Rodriguez, in violation of 15 U.S.C. §1681e(b).

49. After receiving Ms. Rodriguez's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. §1681i.

50. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Rodriguez has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

51. Equifax is liable to Ms. Rodriguez by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. §1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: January 26, 2017

CORNISH & DELL'OLIO, P.C.

s/Ian D. Kalmanowitz
Ian D. Kalmanowitz, # 32379
431 N. Cascade Ave. Suite 1
Colorado Springs, CO 80903
719-475-1204
719-475-1264 (fax)
ikalmanowitz@cornishanddellolio.com

s/Gary D. Nitzkin
Gary D. Nitzkin
Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
(248) 353-4840 (fax)
gary@crlam.com
Attorneys for Plaintiff

Plaintiff's address:
3040 East Fountain Blvd, Apt 307
Colorado Springs CO 80910